# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BILLINGS DIVISION

| | |
|---|---|
| **CHRISTOPHER JOSEPH, individually and on behalf of a class of Montanans similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**BANK OF AMERICA N.A., successor by merger to BAC HOME LOANS SERVICING, L.P., f/k/a COUNTRYWIDE HOME LOANS SERVICING; and RECONTRUST COMPANY, N.A.,**<br>**Defendants.** | **Case No. CV-11-129-BLG-RFC**<br><br><br>**ORDER** |

Plaintiff Christopher Joseph filed this putative class-action in state court, claiming that Defendants Bank of America, N.A.[1] and ReconTrust Company, N.A. did not follow Montana's foreclosure laws when they conducted a non-judicial foreclosure of his home.  Defendants removed the case to this Court, invoking diversity jurisdiction under the Class Action Fairness Act of 2005.  Joseph claims

---

[1]Bank of America Corporation has been dismissed from this action.

Defendants violated Montana law by foreclosing on his home in their own names when they did not possess a beneficial interest in the property. Doc. 1-2 at ¶¶ 8-13. He further claims that Defendants: (1) "routinely claim[ ] to possess ownership rights in Montana properties when, in truth and fact, [they] possess[ ] no more than servicing rights[,]" id. at ¶ 20; and (2) "created or used documents essential to a valid trustee's sale that were improperly executed, notarized or sworn to[,]" id. at ¶¶ 15-16, 21.

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (doc. 40) as to Defendants Rule 12(b)(6) motion to dismiss Counts I-III of Joseph's class action Complaint. Doc. 7. Judge Ostby recommends the motion be granted for failure to state legally cognizable claims and that Count IV, the remaining Montana Consumer Protection Act claim, be remanded to state court.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Joseph filed timely objections on May 3, 2012 (doc. 41), to which Defendants responded on May 21, 2012 (doc. 42). Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). As the parties are familiar with the underlying facts and

2

circumstances and they are thoroughly stated in the Findings and

Recommendations, they are repeated here only as necessary.

## I.   COUNT I: DECLARATORY JUDGMENT

Count I of the Complaint, pleaded as a putative class action, seeks a

declaratory judgment that Defendants lacked the legal right to foreclose Plaintiffs'

property and that the resulting sale was invalid because Defendants could not

lawfully assign the right to foreclose.  Plaintiffs' essential argument is that MERS

could not act as a nominee beneficiary under the Deed of Trust because the parties

could not contract around the meaning of "beneficiary" under the Small Tract

Financing Act ("STFA").

Judge Ostby concludes in the F&R that while the STFA does not permit

MERS to be the beneficiary in a trust indenture as the lender's nominee, the STFA

also does not prohibit MERS from acting as the agent of the lender.  Doc. 40, pp.

23-37.  In ruling that basic agency law applies to the STFA, Judge Ostby followed

Judge Molloy, who adopted Judge Lynch's findings and recommendations in

*Diehl v. ReconTrust Co., N.A.,* 2010 WL 2178513 (D.Mont. May 27, 2010),

*adopting F&R at,* 2010 WL 2175894 (D.Mont. April 22, 2010).  *Diehl* recognized

that while the Montana Supreme Court has not addressed the precise issue, it has

approved of the use of agents to conduct non-judicial foreclosure sales in similar

circumstances.  2010 WL 2178513, * 2.  Specifically, *Diehl* holds that Montana

law permits a party to designate an agent to do most acts for which the party is

responsible, "unless a contrary intention clearly appears," Mont.Code Ann. §

28–10–105(2), and no contrary intention clearly appears in the STFA.  *Id.*; *see*

*also Heffner v. Bank of America,* 2012 U.S. Dist. LEXIS 64668, at * 11-12

(D.Mont. May 8, 2012) (citing Judge Ostby's F&R in this case to hold that a

similar Deed of Trust properly authorized MERS to act as Bank of America's

agent).  Following *Diehl,* Judge Ostby ruled that MERS could act as the

nominee/agent of Countrywide Home Loans, Inc.'s, the lender, assign the

beneficial interest in the deed to Bank of America Home Loan Services (BOA-

HLS), who then lawfully appointed ReconTrust as the successor trustee.

Accordingly, Judge Ostby concluded Defendants did not lack authority to conduct

the non-judicial foreclosure and recommends dismissal of Joseph's claim for

declaratory judgment.

In his objections, Joseph does not strenuously object to Judge Ostby's

conclusion, but rather argues this Court should certify the issue of whether MERS

can be a "beneficiary" under Montana law to the Montana Supreme Court.

But certification is discretionary, *Riordan v. State Farm Mut. Auto. Ins. Co.*,

589 F.3d 999, 1009 (9th Cir. 1999), and Judge Ostby correctly relied on well-

reasoned Montana cases applying the general agency statute, Montana Code §

28–10–105(2).  Moreover, certification is unnecessary where a statute controls.

Mont.R.App.P. 15(c)(3).   After a de novo review, the Court concludes Judge

Ostby correctly applied the *Knucklehead* decision and Mont. Code Ann. §

28–10–105(2) in concluding that MERS properly acted as the beneficiary's agent

under the Deed of Trust.  The Court further concludes that Judge Ostby correctly

determined MERS does not meet the STFA's definition of "beneficiary."

Accordingly, the Findings and Recommendations are correct as to Count I of the

Complaint and are adopted in their entirety.  Count I seeking a declaratory

judgment will be dismissed.

## II.    COUNT II: NEGLIGENCE

Count II of the Complaint, also pleaded as a putative class action, alleges

that Defendants, in their capacity as mortgage lenders or mortgage loan servicers,

breached duties imposed by Montana law by (a) foreclosing on or trying to

foreclose on properties when they had rights to service the loans and no ownership

interest, (b) failing to follow statutory procedures for trustee sales, and (c) creating

or using documents that were improperly executed in order to conceal the fact that

they had no authority to order to institute a trustee sale.  The F&R recommends

dismissal of this claim for lack of a legal duty owed to Joseph.  Doc. 37, pp. 37-39.

Specifically, the F&R cites *Richland Nat'l Bank & Trust v. Swenson*, 816 P.2d 1045, 1050 (Mont. 1991) for the proposition that under Montana law, except for an exception that does not apply here, the relationship between a bank and its customer is that of debtor and creditor and does not give rise to fiduciary duties. But Joseph does not and has not alleged a breach of fiduciary duty. Rather, Joseph alleges a negligence claim that Defendants breached their statutory duties, primarily those arising  under the STFA, as well as the common law duty of reasonable care.

*Richland Nat'l Bank* also involved a negligence claim alleging the bank negligently structured the loan.  That claim, however, was dismissed because there was no authority for the proposition "that a negligence action may be based upon a repayment term of a lawful contract bargained between two parties.  Absent the existence of a fiduciary duty, the law does not support such a claim." 816 P.2d at 1050.  At first this statement seems to support the F&R's conclusion that Joseph may not maintain a negligence claim, but the negligence claim at issue here is not based upon the repayment term, but upon Defendants alleged failure to follow the statutory requirements for trustee sales.  It makes sense that a negligence claim alleging a bank negligently structured repayment terms would require some sort of special duty from the bank to the borrower, but here we have alleged breaches of

6

statutory duties.

As to those statutory duties, the F&R provides:

> the Court was unpersuaded by Joseph's argument that Montana's
> STFA imposed statutory duties on Defendants the breach of which
> gives rise to a negligence claim. *Joseph cited no authority* for this
> *position, and the Court is unaware of any*. It would be inappropriate
> for the Court to create a cause of action by inferring duties from
> STFA language that Montana's courts have not recognized.

Doc. 40, p. 39 (emphasis added).  Although he did not bring the case to Judge

Ostby's attention, Joseph now cites *Knucklehead Land Co., Inc. v. Accutitle, Inc.*

for the proposition that the STFA imposes duties that can give rise to a negligence

claim:

> The [Small Tract Financing Act of Montana] struck a compromise
> between investors and debtors whereby debtors gave up their rights to
> possession and redemption while lenders gave up their right to
> deficiency judgment upon default. The result was the trust indenture,
> whereby a trustee could avoid judicial proceedings and foreclose on
> property by advertisement and sale. Section 71–1–313, MCA. Under
> this option, the trustee is subjected to strict notice requirements
> before crying the sale, and the purchaser is entitled to possession of
> the property ten days after the sale. Sections 71–1–313, 315, 319,
> MCA. In sum, the Act streamlined and reduced obstacles to the
> foreclosure process.
>
> ¶ 14 Under the Act, the indenture trustee's duties are those related to
> properly conducting the foreclosure sale. *The primary duties are*
> *delivery of notice to the affected parties, §§ 71–1–314, 315, MCA,*
> *and to "sell the property at public auction to the highest bidder."*
> Section 71–1–315(3), MCA.

172 P.3d 116, 120-21 (Mont. 2007) (emphasis added).

Here, among other things, Joseph alleges Defendants were negligent in breaching their duty to give proper notice and hold a public auction.

Joseph also notes the Montana Supreme Court has applied common law negligence standards to banks to hold them to reasonable care standards without any special relationship or fiduciary duty. Specifically, Joseph notes that in *Mattingly v. First Bank of Lincoln*, the Montana Supreme Court allowed a negligent misrepresentation claim in a suit by a borrower against the bank that loaned him money to purchase a gas station. 947 P.2d 66, 70-71 (Mont. 1997).[2] The plaintiff borrower alleged that the bank misrepresented the value of a commercial property by failing to disclose the well-known fact that it was contaminated from leaky underground fuel storage tanks. There is no indication in the opinion of a special relationship between the borrower and the bank giving rise to a fiduciary duty on the part of the bank. Moreover, although the claim was negligent misrepresentation as opposed to an ordinary negligence claim as alleged here in Count II, the Court noted that "negligent misrepresentation may give rise to actual or constructive fraud, where it is insufficient to do so, it may nevertheless give rise to negligence liability under § 27-1-701, MCA, [the general negligence

---

[2] *Mattingly* was also not cited in the proceedings before Judge Ostby.

statute] through want of ordinary care of the defendant in managing his property or person." *Id.* at 70 (internal quotations omitted).

Defendants respond that Joseph has failed to cite any authority for imposing common law duty of care on a bank, but in the Court's view, he has done so with *Mattingly.*  Second, Defendants argue that a bank owes no fiduciary duty to a borrower, but again Joseph does not allege breach of fiduciary duty.  Similarly, Defendants argue there is no cause of action under the Montana Mortgage Act or the STFA, but Joseph does not allege such causes of action.  He alleges a negligence cause of action based on duties either imposed by the common law or under the STFA as that is interpreted by *Knucklehead.*  Fourth, Defendants argue the Complaint never mentions statutory duty under the STFA, but ¶ 32(c) alleges a "duty to follow the procedures defining trustee sales."  Finally, Defendants cite the F&R's reluctance to create a new cause of action, but there is no new cause of action alleged here.  Although Joseph bases his negligence claim, in part, on legal duty that has not apparently been used before, it is otherwise an ordinary negligence claim.

Accordingly, the Court concludes that Count II of the Complaint states a plausible negligence claim, except that, as discussed above, no claim for negligence can arise from the fact that MERS, acting as the agent of the lender,

assigned the beneficial interest in the Deed of Trust to BOA-HLS, who then appointed ReconTrust as the successor trustee.

## III.   COUNT III: NEGLIGENT/INTENTIONAL MISREPRESENTATION

Finally, Count III of the Complaint alleges negligent or intentional misrepresentation on behalf of a putative class.  Joseph claims Defendants misrepresented their ownership interest in Joseph's and the class members' property thus allowing them to institute a trustee's sale.  Joseph further alleges Defendants created or used documents that were improperly executed, sworn, or notarized ("robo-signed") to support their representations of ownership.

The F&R recommends dismissal of Count III because Joseph did not allege he acted in reliance upon the Defendants' alleged misrepresentations, which is an essential element of the claim.  But ¶ 41 of the Complaint alleges that "Plaintiff and the class were unaware of the falsity of the representations and were justified in relying on them."  While not perhaps the most explicit way to plead reliance, this is sufficient to state a plausible claim for relief.  But again, since MERS properly acted as the agent of the lender Countrywide, no claim for misrepresentation can arise from the fact that MERS, acting as the agent of the lender, assigned the beneficial interest in the Deed of Trust to BOA-HLS, who then appointed ReconTrust as the successor trustee.

**IV.** **CONCLUSION AND ORDER**

Having concluded that all counts potentially providing federal jurisdiction under the Class Action Fairness Act should be dismissed, the F&R also recommended this case be remanded to state court.  Doc. 40, pp. 40-41.  Although Joseph argues the Court can remand the case if it decides not to dismiss Count II or Count III, Defendant's correctly argue that both Counts II and III are pleaded as putative class actions and give this Court jurisdiction.  Accordingly, since portions of Counts II and III remain, the case remains in this Court.

For those reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (doc. 7) is **GRANTED IN PART AND DENIED IN PART**: Count I is dismissed in its entirety; Counts II and III are dismissed to the extent they challenge MERS's authority to act as the lender's agent, MERS's assignment of the Deed of Trust to BOA-HLS, and the subsequent appointment of ReconTrust as successor trustee.

Dated this 7th day of December, 2012.

/s/ Richard F. Cebull_____
Richard F. Cebull
United States District Judge

11