IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CHRISTOPHER JOSEPH, individually and on behalf of a class of similarly situated Montanans,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. successor by merger to BAC HOME LOANS SERVICING, L.P. f/k/a COUNTRYWIDE HOME LOANS SERVICING; and RECONTRUST COMPANY, N.A.<br><br>Defendants. | CV-11-129-BLG-SEH-CSO<br><br><br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT** |

Plaintiff Christopher Joseph ("Joseph") initiated this action in 2011, alleging that Defendants Bank of America, N.A. and ReconTrust Company, N.A. (collectively, "Defendants") misrepresented their interests and created improperly executed documents ("robo-signing") in non-judicial foreclosure proceedings in Montana. *Cmplt. (ECF 1-2).*

Now pending is Joseph's Motion for Leave to Amend his Complaint. *ECF 59*. Having considered the parties' arguments and submissions, the Court rules as set forth below.

I. **BACKGROUND**

Joseph initiated this case in state court as a putative class action on October 3, 2011. *See ECF 1-2*. The Complaint stated four counts, along with a punitive damage claim. Joseph pled Counts I (Declaratory Judgment and Injunctive Relief), II (Negligence/Misrepresentation/ Deceptive Statements in Connection with Mortgage), and III (Negligent/Intentional Misrepresentation) on his own behalf and on behalf of a purported class. *ECF 1-2 at 8-10*. Joseph pled Count IV (Violation of Montana Unfair Trade Practices and Consumer Protection Act) solely on his own behalf and "if the Court does not certify a class action". *Id. at 11 (emphasis in original)*. Defendants removed the case, invoking this Court's diversity jurisdiction under the Class Action Fairness Act of 2005. *Notice of Removal (ECF 1) at ¶ 9* (citing 28 U.S.C. §§ 1332 and 1453).

On December 9, 2011, Defendants moved to dismiss Counts I, II, and III. *ECF 7*. The Court heard oral argument on this motion on March 13, 2012. *ECF 26*. Underlying each of these claims was

Joseph's contention that Defendants lacked the authority to maintain the 2010 non-judicial foreclosure on his 2004 loan because the entity transferring the interest in Joseph's loan, Mortgage Electronic Registration Systems, Inc. ("MERS"), lacked authority to transfer such interest. At oral argument, counsel for Joseph conceded that "if the Court went against us on the MERS issue [and found that MERS could legally transfer interest in his loan]…it would essentially defeat our ability to go forward as a class action…" *Tr. of Hearing on Mot. (ECF 31) at 40.*

On April 23, 2012, after allowing additional briefing on the issue, the Court issued its Findings and Recommendations on Defendants' motion to dismiss, concluding that while MERS did not meet the statutory definition of a "beneficiary" under the Small Tract Financing Act ("STFA"), MERS, acting as an agent of the transferee bank, could legally assign the beneficial interest in Joseph's loan to Defendants. *See Findings and Recommendations of U.S. Magistrate Judge (ECF 40) at 26-28, 31-36.* Accordingly, the Court recommended that Defendants' motion to dismiss Counts I-III be granted. *Id. at 41.* The Court further noted in its opinion:

> At the hearing on Defendants' motion to dismiss, Joseph's counsel and counsel for Defendants agreed that the case would not be suitable as a class action if the Court were to conclude, as it has here, that MERS had authority to act on the lender's behalf.

*Id*.

On review, Judge Cebull agreed that while MERS did not meet the STFA's definition of a "beneficiary," MERS did properly act as the beneficiary's agent under the deed of trust. *Order dated Dec. 7, 2012 (ECF 45) at 5*. Accordingly, the District Court dismissed Count I in its entirety and Counts II and III to the extent they challenge MERS's authority to act as the lender's agent. The District Court ruled that the surviving portions of Counts II and III were pleaded as putative class actions and continued to give this Court jurisdiction. *Id. at 11*.

The Court held a preliminary pretrial conference on January 16, 2013. *ECF 55*. In his preliminary pretrial statement filed on January 9, 2013, Joseph reiterated his intention to remove the class allegations:

> In view of the legal rulings in this case, Plaintiff intends to seek leave to amend his Complaint to remove the class allegations, whereupon jurisdiction under CAFA will no longer lie. Contemporaneously with that amendment, Plaintiff intends to seek remand of this matter to state court.

*Joseph's Prelim Pretrial Stmt (ECF 52) at 3*. Defendants reflected this understanding in their preliminary pretrial statement and joint

discovery plan.  *See Defts' Prelim. Pretrial Stmt (ECF 53) at 3* ("Defendants' position is that the District Court's ruling leaves no viable class action claims.  Plaintiff shares this view and intends to seek leave to amend his Complaint to remove the class action allegations"); *Joint Disc. Plan (ECF 54) at 2*.  Plaintiff's counsel acknowledges that at the time of the scheduling conference he advised the parties and the Court "that he did not anticipate that this matter would continue to be pled as a putative class action."  *ECF 60 at 3*.

With the case in this posture, the Court issued a scheduling order setting a deadline for motions to amend pleadings of April 1, 2013.  *See Scheduling Order (ECF 56) at 2.*  On April 1, 2013, Joseph moved to continue the deadline for motions to amend to May 1, 2013.  *ECF 57.*  The bases for Joseph's motion were: (1) his attorney needed additional time due to an upcoming trial in an unrelated case, and (2) Joseph needed to consider "[s]everal recent legal decision...which may bear on how Plaintiff amends his complaint..." *Id. at 2.*  Joseph did not therein inform the Court or the Defendants that he was reconsidering the position he had repeatedly stated with respect to class issues.  The Court thus granted the unopposed motion.  *ECF 58.*

Joseph then filed the pending motion for leave to amend his complaint on April 29, 2013, and attached his proposed First Amended Complaint. *See ECF 59.* The proposed First Amended Complaint states three claims, along with a claim for punitive damages. Count I reasserts a declaratory and injunctive relief claim, differing slightly from the original declaratory and injunctive relief count that was dismissed herein. Count II alleges a negligence claim, and Count III alleges violation of the Montana Unfair Trade Practices and Consumer Protection Act, as did Count III of the original complaint, but this count is now asserted on behalf of a class rather than solely on behalf of Joseph. This attempt to assert this claim as a class action comes eighteen months after the claim was initially made.

Despite Joseph's multiple representations to the contrary, all three counts in the proposed amended complaint are plead "on behalf of Plaintiff and the Class." And although the amended complaint drops the prior negligent/intentional misrepresentation claim, it continues to allege that Defendants misrepresented which entities held beneficial interest in the deed of trust, and misrepresented their authority to pursue foreclosure proceedings. *See ECF 59-1 at ¶¶ 22, 32, 36(a), 39(c).*

In addition, the amended complaint contains the following changes:

1. An allegation that the assignment of the deed of trust and subsequent foreclosure proceedings were invalid because the assignment was not timely recorded, *id. at 5-6;*

2. An allegation that ReconTrust is a wholly owned subsidiary of Bank of America, and therefore could not legally serve as a substitute trustee, *id. at 6*;

3. An allegation that Lender Processing Services, a company allegedly involved with Defendants in the foreclosure proceedings, resolved a criminal fraud investigation involving fraudulently signed and notarized mortgage documents by paying $35 million, *id.;*

4. Allegations of specific violations of the STFA by Defendants, *id. at 10-11;*

5. The negligence claim is pled on behalf of Joseph and the class, and is based on both a common-law duty and obligations set forth in the STFA, *id. at 12-13;*

6. Count III - Violation of Montana Unfair Trade Practices and Consumer Protection Act is pled on behalf of Joseph and the class, *id. at 14;*

7. The class definition has been modified to add as a criteria those "who had a non-judicial foreclosure action instituted against them by Defendants wherein Defendants violated their obligations under the [STFA] in one or more was as set forth[,]" *id. at 15*. None of these changes are based on new facts or new law.

## II. **PARTIES' ARGUMENTS**

Joseph argues that under Rule 15, Fed. R. Civ. P., leave to amend should be freely granted. *Joseph's Br. in Support of Mot. For Leave to Amend (ECF 60) at 1-2.* Joseph argues that leave should be granted in this instance because his motion is made within the Court's deadline for amendment of pleadings, and the proposed amendments will neither prejudice Defendants nor prove futile. *Id. at 2*.

Specifically, Joseph argues that his amended complaint seeks to "incorporate the law of the case as set forth by the Court's previous rulings as well as other recent decisions in the Montana District[,]" including a March 12, 2013 Findings and Recommendations decision by Judge Lynch. *Id.* Joseph also argues that although the Montana Unfair Trade Practices and Consumer Protection Act ("MCPA") purports to restrict class actions, the United States Supreme Court in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S.

393 (2010) held that the Federal Rules of Civil Procedure trump a state's effort to restrict class actions. *Id. at 3*.

In response, Defendants state that they do not object to the Court permitting Plaintiff to amend his Complaint in a way consistent with counsel's prior statements, but they do object to the proposed First Amended Complaint. They make three principal arguments in support of these objections.

First, Defendants argue that Joseph's motion is prejudicial and will cause undue delay. *Defts' Response to Pltf's Mot. for Leave to Amend (ECF 64) at 5*. Defendants argue that Joseph repeatedly represented that he intended to amend his complaint to remove the class allegations, yet his proposed amended complaint, made two months before the close of discovery, again seeks to plead a class action. This, Defendants argue, is unduly prejudicial as it expands the scope of discovery on the eve of the discovery deadline. *Id. at 6-7*. Defendants also argue that Joseph has presented no valid reason for his delay in bringing his motion to amend. *Id. at 7-9*.

Second, Defendants argue that Joseph's motion is futile to the extent it attempts to assert a class action. *Id. at 10*. Defendants argue that the Federal Rules of Civil Procedure do not trump the MCPA's

class limitation because the controlling opinion in *Shady Grove*, Justice Steven's concurring opinion in a plurality Supreme Court decision, provides that Rule 23 will only trump a state statute's limitation on class actions if the statue is procedural rather than substantive. *Id. at 10-11*. Defendants also argue that, in light of this Court's prior ruling on the MERS issue, Joseph's claims for negligence and declaratory relief cannot be asserted on behalf of a class. *Id. at 13*.

Third, Defendants argue that several new allegations in the proposed amended complaint are inconsistent with the facts and law of the case, and should not be permitted. *Id. at 14-16*.

## III. **DISCUSSION**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is filed. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (internal quotations marks and citation omitted). A district court has discretion to deny a motion for

leave to amend, but it must provide some justification for doing so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *AmerisourceBergen,* 465 F.3d at 951.

Undue delay by itself "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (noting that "[w]e have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment").

"Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### A. <u>Undue Delay</u>

"Relevant to evaluating the delay issue is whether the moving party knew or should have know the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). "Although delay is not a dispositive

factor in the amendment analysis, it is relevant...especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (internal citations omitted).

The Court finds that Joseph's delay in bringing his motion to amend is undue. As demonstrated above, Joseph first acknowledged that his class allegations would be defeated "if the Court went against us on the MERS issue..." at the March 13, 2012 hearing on Defendant's motion to dismiss. *ECF 31 at 32.* The Court issued its order on this issue on December 7, 2012. *ECF 45.* Joseph did not file his motion to amend until April 29, 2013 – nearly five months after the District Judge's order, and over a year after this Court's April 23, 2012 Findings and Recommendations. This length of delay supports denial of Joseph's motion to amend. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (affirming denial of leave based on undue delay when "appellants did not give notice of their intention to amend their complaint until the middle of December, at least six months after they had become aware of the new claims").

Moreover, Joseph has failed to sufficiently justify this delay. He does not explain how it may be justified by any new facts learned or

new law established. And Joseph gains no traction by arguing that his motion was filed within the time set by the Court. *See AmerisourceBergen*, 465 F.3d at 953 ("In assessing timeliness, [the Court] do[es] not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order").

Likewise, the Court is troubled by Joseph's argument that because his claim was originally pled as a class action, the fact that his "proposed amended complaint seeks to *continue* to assert a putative class action can hardly be a surprise." *Joseph's Reply (ECF 67) at 2 (emphasis in original).* As early as April 2012, the Court understood that Joseph intended to remove his class allegations, as reflected in the Court's Findings and Recommendations. *See ECF 40 at 41.* And the Court's scheduling order was based on the parties' joint discovery plan, which itself discussed "Plaintiff's intention to amend the Complaint to dismiss all class action allegations." *See ECF 54.* The Court issued the scheduling order with the understanding that any motion to amend would remove class allegations, as Joseph had repeatedly represented. Joseph's motion to extend the amendment deadline provided no notice to the Court or Defendants of any intention to the contrary, and his

pending motion to amend provides insufficient explanation or justification.

Joseph's failure to sufficiently justify his delay in bringing his motion to amend, in light of the significant change in litigation strategy, weighs against his request for leave to amend. *See Jackson*, 902 F.2d at 1388 (affirming denial of leave to amend when, *inter alia*, the delay for bringing the motion was unjustified).

## B. <u>Undue Prejudice</u>

Prejudice may effectively be established when a delayed amended complaint significantly alters the litigation or expands the scope of discovery. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming denial of leave to amend when "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *Jackson*, 902 F.2d at1387 (affirming denial of leave to amend when additional claims

"advance different legal theories and require proof of different facts");
*McGlinchy*, 845 F.2d at 809 (affirming denial of leave to amend when
"[t]he new claims would have required additional research and
rewriting of trial briefs").

Here, Joseph's significant change in strategy, as reflected in his proposed amended complaint, will necessarily cause Defendants to incur expense and prejudice. At the time of the preliminary pretrial conference, Defendants were entitled to rely on Joseph's representations that this case would be an individual action, and to develop their defense accordingly. Defendants convincingly represent that "[t]hese representations have governed the manner in which Defendants have internally investigated Plaintiff's claims, conducted discovery, consented to extension requests, and handled other aspects of this litigation." *ECF 64 at 6*. Continuing this case as a class action would require Defendants to significantly alter their defense and expand the scope of discovery. Much of Defendants efforts to date would likely have been wasted, and the present July 1, 2013 discovery deadline would need to be extended.

In addition, handling this case as a class action would likely necessitate separate, pre-certification discovery. *See Kamm v.*

*California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery"). This would further delay resolution of this action. The prejudice caused by Joseph's amended complaint would be undue, as Defendants are "entitled to rely on a timely close of discovery and a near-term trial date." *McGlinchy*, 845 F.2d at 809.

The procedures for handling class actions differ from non-class cases. For example, Rule 23(c), Fed. R. Civ. P., provides that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." The Advisory Committee Notes to the 2003 amendments to Rule 23 provide that "active management may be necessary to ensure that the certification decision is not unjustifiably delayed." Furthermore, the Court must engage in a "rigorous analysis" of each Rule 23(a) factor to determine whether a party seeking class certification has met the requirements of Rule 23. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011). The Court has not engaged in these duties based on the absence of any class allegations in Count IV and Joseph's representations that the class allegations would be removed from Counts II and III. It is difficult for the Court to

engage in "early" analysis of whether to certify when Joseph leads the Court and the parties to believe, both in his original Count IV and in subsequent representations regarding the remaining counts, that he will not be pursuing class allegations.

Both the Court and opposing counsel reasonably relied on Joseph's representations, made repeatedly over the course of more than a year. *See generally Rules of Professional Conduct 3.3 ("Candor Toward the Tribunal"), 3.4 ("Fairness to Opposing Party and Counsel"), and 8.4(c).* The Court cites these rules not to cast doubt on Joseph's counsel's candor toward the tribunal or opposing counsel, but only to illustrate that reliance was not improper and that this significant change of course comes too late.

Finally, as the parties are well aware, the Court must construe and administer the rules to secure the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The current discovery deadline is less than a week away. Allowing an amendment that would significantly alter the scope of discovery, and would consequently result in lengthy extensions, would run afoul of Rule 1's charge.

Based on the undue delay of Joseph's motion, coupled with the prejudice that such motion would cause Defendants, leave to amend is improper. Accordingly, the Court need not reach the issue of futility.

IV. **CONCLUSION**

Based on the foregoing,

IT IS ORDERED that Joseph's Motion for Leave to Amend *(ECF 59)* is DENIED.

DATED this 27th day of June, 2013.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge